LUCY THOMPSON POTTS, EXECUTRIX, v. CLOY A. POTTS ET AL.

(Filed 13 December, 1913.)

**Wills—Construction—Intent Clearly Expressed.**

    In this controversy to construe the will of the deceased, it is held that the intention of the testator is clearly and unambiguously expressed, leaving nothing to interpretation.

APPEAL by defendants from *Long, J.,* at September Term, 1913, of MECKLENBURG.

This is an action brought to obtain the construction of the following will:

"I, William A. Potts, of the county of Mecklenburg, State of North Carolina, being of sound mind, do make and declare this my last will and testament:.

"1st. I hereby appoint my beloved wife, Lucy Thompson, executrix of my estate. It is my desire that she settle all just debts out of the first moneys that come into her hands belonging to my estate.

"2d. I give to my wife, Lucy Thompson, my home place (in the town of Davidson), in which we now live, containing 24 acres, more or less, valued at $10,000, to have and to hold in

164—25

fee simple; also all other property belonging to my estate after paying just debts, as I am not able to say what it will bring. I think it will be about $10,000.

"3d. It being my desire to divide the remainder of my property between each of my eight children, provided my wife shall remain in possession of said property until each child becomes 21 years of age, and have the rents from said property for the support of said minor children, as long as she remains my widow. If she should marry again, each child is to have charge of his or her property, and my wife will be provided for as mentioned in item 2d. It is my will and desire that each child, after receiving his or her property at the age of 21 years, each child shall pay a rental of $35 each year to my wife as long as she remains my widow. If any of them fail to pay this rent, she can take charge of his or her property, and collect said rent.

"4th. I will now divide the remainder of my property between each of my eight children as best I know, giving each share and share alike.

"Item 1. I will to my son Cloy Alexander my Wilson place, in Lemley Township, Mecklenburg County, N. C., valued at $5,000, containing 133 acres, more or less. It is my desire that he pay my estate $500; also that his mother shall have the use of the proceeds for the term of eight years of all the land west of the pasture and north of road leading from (Gamble's Road) into house. This tract does not include any building.

"Item 2. I will my son William Marshall my old home, known as the Sheriff Potts place, also in Lemley Township, near Bethel Church, described in deed given me by Brevard Knox, known as 114¾ acres, more or less, except 10 acres, more or less, cut off of this 114¾ acres by Gamble survey. This place, 104¾ acres, valued at $5,000. It being my desire that my son Marshall pay my estate $1,000, paying one-third the place makes each year until paid. It being my desire that my estate cover said house, and repair windows and steps.

"Item 3. I will to my son Louis tract of land known as the Henderson land, bought from Andy Sherrill, adjoining the Potts place (Volger place), including also a tract of land

known as a part of the Potts land, surveyed and platted by James·Gamble, 10½ acres, more or less. This place contains 40 acres, and is valued at $1,500. I will my son Louis lot No. 5 in the town of Cornelius, beginning at a stone near railroad, J. R. Withers' corner; thence with Withers' line· to macadam road; thence with said road 150 feet, to Summers' corner; thence with Summers' line and line of lot belonging to my estate to a stone near railroad; thence 150 feet to the beginning, valued at $1,000. It is my desire that my estate pay my son Louis $1,500.

"Item 4. I will my daughter Madge Wayland tract of land No. 6, described on plat made by Robert Reives, known as a part of the Hanner land, containing 132 acres, more or less, valued at $3,000 also lot No. 2, in the town of Cornelius, be-·ginning at a stake on corner of street near Joe Sherrill's house; thence with said street to Harvell's corner; thence with Harvell's line 125 feet to a stake; thence with line of lot No. 1, 200 feet to Front Street; thence with Front Street 105 feet to the beginning. This lot contains one house and one vacant lot on corner, also one barn. This lot is valued at $1,000.

"Item 5. I will my daughter Mary Winifred tract of land No. 7, as described on plat made by Reives, and known as the Hannah home place, containing 94 acres, more or less, valued at $2,000; also lot No. 1 in the town of Cornelius, described in deed bought from P. A. Stough, beginning at Harvell's corner, center railroad; thence with Harvell's line 175 feet to corner of lot No. 2 to street; thence with said street to center of railroad, 200 feet with railroad to the beginning, valued at $1,500.

"Item 6. I will my daughter Mamcy Catherine tract No. 5, as described in plat drawn by Reives, known as the old Torrence home place, containing 160 acres, more or less, valued at $4,000.

"Item 7. I will my daughter Lucy Elizabeth tract No. 3, as described on plat made by Rob Reives, containing 103 acres, more or less, valued at $2,500; also lot No. 3 in town of Cornelius, known as the H. M. Sloan lot, and described in a deed

from Sloan to W. A. Potts, valued at $1,500. It being my desire that my estate build a house and barn on this 103 acres, worth $300.

"Item 8. I will my son Francis Lawson tract No. 4, as described in plat made by Reives. This tract contains 139 acres, more or less, valued at $4,000.

"I hereby declare this to be my last will and testament, and do revoke all other wills made by me. This 15 November, 1909.

"W. A. Potts."

The following judgment was rendered:

"1. That under paragraphs 2, 3, and 4 of said will, Lucy Thompson Potts, the widow of the testator, takes in fee simple all of the property of said estate, both real and personal, including any and all property not specifically mentioned in said will, excepting the lands devised in paragraph 4 thereof, subject to the payment of the debts due by the testator, and the legacies and the repairs to be made, set forth in the items under paragraph 4 of said will.

"2. That Cloy Alexander Potts, under item 1 of paragraph 4 of said will, takes the land mentioned therein in fee simple, subject to the provisions contained therein, and the provisions contained in paragraph 3 of said will, and to the payment of $500 to said estate; and he is hereby directed to pay, and the plaintiff is authorized to collect, said amount from him.

"3. That under item 2 of paragraph 4 of said will, William Marshall Potts takes the land mentioned therein in fee simple, subject to the provision contained in paragraph 3 of said will, and to the payment of $1,000 to said estate, as provided therein; and he is directed to pay the said amount to said estate, and the said executrix is authorized to cover the house and repair the windows and steps as provided therein.

"4. That under item 3 of paragraph 4 of said will Louis Potts takes the land mentioned therein in fee simple, subject to the provisions contained in paragraph 3 of said will, and the executrix of said estate is directed to pay the said Louis Potts the sum of $1,500 out of the assets of said estate, as provided in said item.

"5. That under items 4, 5, 6, and 8 of paragraph 4 of said will the said Madge Wayland Potts, Mary Winifred Potts, Nancy Catherine Potts, and Francis Lawson Potts take the respective lands mentioned in said items, in fee simple, subject to the provisions contained in paragraph 3 of said will.

"6. That under item 7 of paragraph 4 of said will Lucy Elizabeth Potts takes the land mentioned therein in fee simple, subject to the provisions contained in paragraph 3 of said will; and the executrix of said estate is authorized under said item to build a house and barn on the land mentioned therein, worth $300.

"The cost of this action will be taxed against the plaintiff, and be paid out of the estate of W. A. Potts, deceased.

"B. F. Long,

*"Judge Presiding."*

From this judgment the defendant excepted and appealed.

*Maxwell & Keerans for plaintiffs.*
*No counsel contra.*

PER CURIAM. If it be conceded that the plaintiff, as executrix of W. A. Potts, is entitled to the opinion and instructions of the court upon the questions submitted in the complaint, we think the ruling of the court was correct, and that the proper construction has been placed upon the provisions of the will, which is expressed very plainly, and seems to be free from any doubt.

The judgment is, therefore,

Affirmed.